# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SANUCCI CT TRUST,<br>Appellant,<br>vs.<br>JOSEPH ELEVADO, AN INDIVIDUAL;<br>MELANIE ELEVADO, AN<br>INDIVIDUAL; AND BANK OF<br>AMERICA, NATIONAL ASSOCIATION,<br>Respondents. | No. 63067<br><br>**FILED**<br><br>NOV 1 4 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |
| SANUCCI CT TRUST,<br>Appellant,<br>vs.<br>JOSEPH ELEVADO, AN INDIVIDUAL;<br>MELANIE ELEVADO, AN<br>INDIVIDUAL; AND BANK OF<br>AMERICA, NATIONAL ASSOCIATION,<br>Respondents. | No. 63367 |

## ORDER OF REVERSAL AND REMAND (DOCKET NO. 63067) AND DISMISSING APPEAL (DOCKET NO. 63367)

These are consolidated appeals from a district court order granting a motion to dismiss in a quiet title action (Docket No. 63067) and from a post-judgment order denying NRCP 60(b) relief (Docket No. 63367). Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

The district court granted respondent Bank of America's motion to dismiss, finding that Sanucci Ct Trust had failed to state a viable claim for relief because NRS 116.3116(2)'s superpriority provision merely "establishes a payment priority relative to a first security interest." Thereafter, the district court denied appellant's post-judgment motion for NRCP 60(b) relief. This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2)

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37583

superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decisions were thus based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we reverse the order granting the motion to dismiss in Docket No. 63067, and we remand this matter to the district court for further proceedings consistent with this order. Given our disposition in Docket No. 63067, we dismiss as moot appellant's appeal in Docket No. 63367.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent Bank of America lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

cc: Hon. Jerry A. Wiese, District Judge
Greene Infuso, LLP
Akerman LLP/Las Vegas
Kravitz, Schnitzer & Johnson, Chtd.
Joseph Elevado
Melanie Elevado
Eighth District Court Clerk